STATE v. JUNIOR VANN COLEMAN.

(Filed 14 January, 1966.)

**Criminal Law § 23—**

> Where the evidence supports the court's findings that defendant, on trial for murder in the first degree, freely and understandingly entered a plea of guilty of murder in the second degree, the acceptance of the plea by the court will not be disturbed.

APPEAL by defendant, Junior Vann Coleman, from *Mallard, J.*, April, 1965 Criminal Session, ROBESON Superior Court.

The defendant was indicted at the January, 1965 Session for the first degree murder of Coleman B. Hodge. Upon a showing of the defendant's indigency, the court appointed Mr. F. D. Hackett, attorney, to represent him.

The defendant entered a plea of not guilty. After the trial had proceeded for nearly three days, during which the State had introduced evidence the deceased had died as a result of at least four stab wounds penetrating the lung cavity, and other evidence connecting the defendant with the infliction of the wounds, the defendant and his counsel, in the absence of the jury, requested and obtained permission of the court to tender to the State a plea of guilty of murder in the second degree. The court gave the permission only after detailed explanation of the elements of murder in the second degree and the possible punishment. The defendant stated under oath that he freely and understandingly entered the plea. Thereupon the plea was accepted by the State. The court imposed a prison sentence of 25 years in the State's prison. After sentence the defendant first stated he wanted to appeal, later attempted to withdraw the request, but finally decided to prosecute the appeal. The court ordered Mr. Hackett and Mr. J. F. Britt to make the appeal entries, prepare the record and perfect the appeal.

*T. W. Bruton, Attorney General, George A. Goodwyn, Assistant Attorney General for the State.*

*Joe Freeman Britt, Robert Weinstein, and F. D. Hackett by Joe Freeman Britt for defendant appellant.*

PER CURIAM. The defendant was tried for his life. During the third day of the trial and before the State had completed its evidence, the defendant and his counsel tendered to the State a plea of guilty of murder in the second degree. After lengthy investigation, "(T)he Court ascertains, determines and adjudges that the plea of Guilty by the defendant of the felony of Murder in the Second Degree is freely, understandingly and voluntarily made and was made without any undue influence, compulsion or duress and without promise of leniency, IT IS THEREUPON ORDERED that his plea of Guilty be entered on the minutes."

After a full review and examination of the record and the carefully prepared briefs filed both by the defendant and by the State, we conclude that the defendant's constitutional rights were afforded him at all stages of the trial.

No error.